JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT -9  91

PATRICIA D. HOWARD

*DOCKET NO. 899*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE MORTGAGE ESCROW DEPOSIT LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,\* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of seven actions pending in two districts as follows: four actions in the Northern District of Illinois and three actions in the District of Minnesota.[1] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendants Fleet Mortgage Corp., Lomas Mortgage USA, Inc., Citicorp and Citicorp Mortgage, Inc. to centralize this litigation in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. All responding parties consent to centralization in the Illinois forum.

On the basis of the papers filed and the hearing held, the Panel finds that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions concerning allegations that defendants improperly calculated escrow deposit requirements and thus required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery (especially with respect to class determinations), prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. In selecting the Northern District of Illinois as the transferee forum, we note that: 1) pretrial proceedings are further advanced there and the

---

[*] Judge Merhige took no part in the decision of this matter.

[1] In a supplemental motion filed too late for inclusion in the September 27, 1991 hearing held in this docket, one of the movants i) identified as related an additional action recently removed from state court to the federal court in the Northern District of California, *Blue, et al. v. Lomas Mortgage USA, Inc., et al.*, C.A. No. C. 91 2718 fms ARB, and ii) requested that the action also be transferred to the Northern District of Illinois. Given the Panel's disposition in this docket, this action will be treated as a potential tag-along action. *See* Rules 12 and 13, R.P.J.M.L., 120 F.R.D. 251, 258-59.

- 2 -

single judge assigned the Illinois actions has already become familiar with the issues in this docket; and 2) the Illinois forum is the consensus choice of all responding parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the District of Minnesota be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*

# Schedule A

MDL-899 -- In re Mortgage Escrow Deposit Litigation

### District of Minnesota

Harlow Robinson, et al. v. Fleet Mortgage Corp.,
   C.A. No. CV3-91-303
Paul Turney v. Lomas Mortgage U.S.A., Inc.,
   C.A. No. CV4-91-359
Glen and Sheila Allen v. Citicorp and Citicorp
   Mortgage, Inc., C.A. No. CV3-91-337

### Northern District of Illinois

Janet Aitken v. Fleet Mortgage Corp.,
   C.A. No. 90-C-3708
Henry Moore, et al. v. Lomas Mortgage U.S.A.,
   Inc., C.A. No. 90-C-5816
Jami E. Bay v. Citicorp and Citicorp Mortgage,
   Inc. , C.A. No. 90-C-535
Rick Robinson v. Empire of America Realty Credit,
   C.A. No. 90-C-5063

JUDICIAL PANEL ON

SEP -3 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 899

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*James L. Blue, et al. v. Lomas Mortgage USA*, N.D. California, C.A. No. C91-2718

# BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the above-captioned action (*Blue*) seeking to vacate the Panel's order conditionally transferring *Blue* to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Defendant Lomas Mortgage USA (Lomas) supports transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Blue* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of *Blue* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Blue* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel concluded that the Northern District of Illinois was the proper Section 1407 forum for class actions brought against Lomas and containing allegations that Lomas improperly calculated the escrow deposit requirements of its contracts with plaintiff mortgagors. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 10, 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *James L. Blue, et al. v. Lomas Mortgage USA*, N.D. California, C.A. No. C91-2718, be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that

---

*Judge Merhige took no part in the decision of this matter.

- 2 -

court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 2 6 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 899

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Cecil Hopkins, et al. v. Citizens Fidelity Bank & Trust Co., etc.*, N.D. Alabama, C.A. No. 7:93-91

# BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY AND BAREFOOT SANDERS, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendant in the above-captioned action (*Hopkins*) seeking transfer of *Hopkins* to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiffs oppose transfer, as do certain plaintiffs in previously centralized MDL-899 actions.

On the basis of the papers filed and the hearing held, the Panel finds that *Hopkins* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of *Hopkins* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Having had the benefit of briefing and oral argument in which both points of view on the question of transfer have been presented, the Panel is persuaded that transfer of *Hopkins* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 10, 1991).

Plaintiffs also premise their opposition to transfer of *Hopkins* on the pendency of plaintiffs' motion to remand *Hopkins* to Alabama state court. They urge the Panel not to order transfer until the court in the Northern District of Alabama has decided the remand issue in *Hopkins*. We note, however, that the pending motion to remand *Hopkins* to Alabama state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Cecil Hopkins, et al. v. Citizens Fidelity Bank & Trust Co., etc.*, N.D. Alabama, C.A. No. 7:93-91, be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT – 4 1994

PATRICIA D. HOWARD
CLERK OF THE PANEL

*CORRECTED*
*10/6/94*

## DOCKET NO. 899

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Nick L. Glenos, et al. v. GL Mortgage Corp.*, N.D. Alabama, C.A. No. 2:94-1349
*Eddie Darlington, v. SunTrust Mortgage, Inc.*, N.D. Georgia, C.A. No. 1:94-1685

# BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY AND BAREFOOT SANDERS, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by i) defendant GL Mortgage Corp. in the first above-captioned action (*Glenos*), and ii) plaintiff in the second above-captioned action (*Darlington*) seeking transfer of their respective action to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiffs in *Glenos* oppose transfer of that action, as do plaintiffs in four previously centralized MDL-899 actions. The defendant in *Darlington* agrees with the moving plaintiff that transfer would promote the just and efficient conduct of that action.

On the basis of the papers filed and the hearing held, the Panel finds that *Glenos* and *Darlington* involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the two actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the two actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 10, 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Nick L. Glenos, et al. v. GL Mortgage Corp.*, N.D. Alabama, C.A. No. 2:94-1349, and *Eddie*

- 2 -

*Darlington v. SunTrust Mortgage, Inc.*, N.D. Georgia, C.A. No. 1:94-1685, be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 28 94

PATRICIA D. HOWARD
CLERK OF THE PANEL

### DOCKET NO. 899

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Doris Markowitz v. Ryland Mortgage Co.*, D. Maryland, C.A. No. 1:94-1720
*Brinda Bradley, et al. v. First Fidelity Bank, N.A.,*, S.D. New York, C.A. No. 1:94-4399

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR.,[*] WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by i) defendant Ryland Mortgage Corp. in the first above-captioned action (*Markowitz*), and ii) defendant First Fidelity Bank, N.A., in the second above-captioned action (*Bradley*), seeking to vacate the Panel's orders conditionally transferring their respective action to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiffs in both actions support transfer of their respective action.

On the basis of the papers filed,[1] the Panel finds that *Markowitz* and *Bradley* involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the two actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the two actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 10, 1991).

---

[*]Judge Merhige took no part in the decision of this matter.

[1]The parties waived oral argument and, accordingly, the question of Section 1407 transfer of *Markowitz* and *Bradley* was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Doris Makrowitz v. Ryland Mortgage Co.*, D. Maryland, C.A. No. 1:94-1720, and *Brinda Bradley, et al. v. First Fidelity Bank, N.A.*, S.D. New York, C.A. No. 1:94-4399, be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 25 95

### DOCKET NO. 899

PATRICIA D. HOWARD
CLERK OF THE PANEL

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Leslie Martinez, etc. v. Weyerhaeuser Mortgage Co.*, C.D. California, C.A. No. 2:94-5910

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendant Weyerhaeuser Mortgage Co. in the above-captioned action (*Martinez*) seeking to vacate the Panel's order conditionally transferring *Martinez* to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiff in *Martinez* supports transfer.

On the basis of the papers filed,[1] the Panel finds that *Martinez* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of *Martinez* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 10, 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Leslie Martinez, etc. v. Weyerhaeuser Mortgage Co.*, C.D. California, C.A. No. 2:94-5910, be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that court,

---

[1] The parties waived oral argument and, accordingly, the question of Section 1407 transfer of *Martinez* was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 30  95

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 899

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Ronald Koehler, et al. v. Wendover Funding, Inc.*, D. Kansas, C.A. No. 2:94-2413
*Michael Searcy, et al. v. Victoria Mortgage Corp.*, E.D. Missouri, C.A. No. 4:93-1868

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER

Now before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by Wendover Funding, Inc., and Victoria Mortgage Corp., defendants, respectively, in the above-captioned actions (*Koehler* and *Searcy*) seeking to vacate the Panel's orders conditionally transferring the two actions to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel.  Plaintiffs in *Koehler* and *Searcy* support transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Koehler* and *Searcy* involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The Panel is persuaded that transfer of *Koehler* and *Searcy* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants.  *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 10, 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Ronald Koehler, et al. v. Wendover Funding, Inc.*, D. Kansas, C.A. No. 2:94-2413; and *Michael Searcy, et al. v. Victoria Mortgage Corp.*, be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion

- 2 -

in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY -5 95

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 899

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*State of Louisiana v. Litton Mortgage Co., et al.*, E.D. Louisiana, C.A. No. 2:93-3753

## ORDER DEEMING MOTION MOOT

On February 22, 1994, the Panel filed a conditional transfer order in the above-captioned action. On April 18, 1994, that order was vacated as moot because the court in the Eastern District of Louisiana had ordered the complaint dismissed on April 7, 1994. On May 10, 1994, plaintiff in the action moved the Panel to reinstate its conditional transfer order, arguing that judgment had not been entered in the action and that it had sought leave to amend its complaint. Leave to amend the complaint was subsequently denied by the district court on May 20, 1994, holding that the entire action was previously dismissed and that the motion to amend sought to resurrect an abandoned claim. Plaintiff subsequently appealed the decision of the district court, a decision affirmed by the United States Court of Appeals for the Fifth Circuit on April 25, 1995.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, for reinstatement of the Panel's order conditionally transferring the action entitled *State of Louisiana v. Litton Mortgage Co., et al.*, E.D. Louisiana, C.A. No. 2:93-3753, to the Northern District of Illinois be, and the same hereby is, DENIED as MOOT.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 31 95

*DOCKET NO. 899*

PATRICIA D. HOWARD
CLERK OF THE PANEL

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE MORTGAGE ESCROW DEPOSIT LITIGATION*

*Thomas W. Bradford, et al. v. Independence One Mortgage Corp.*, D. Minnesota, C.A. No. 3:95-203
*Thomas C. Pieper v. D&N Savings Bank, FSB*, D. Minnesota, C.A. No. 4:92-980
*Larry M. Dusterhoft, et al. v. Security Federal Bank*, D. Minnesota, C.A. No. 4:94-184
*George Cusack, et al. v. Bank United of Texas, FSB*, D. Minnesota, C.A. No. 4:94-269
*Gerald P. Larson, et al. v. First Security Savings Bank*, D. Minnesota, C.A. No. 4:94-372
*Larry G. Keck v. National City Mortgage Co.*, D. Minnesota, C.A. No. 4:94-920
*Lance J. Mark v. Keycorp Mortgage, Inc.*, W.D. New York, C.A. No. 1:95-138

## *BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY,\* BAREFOOT SANDERS\* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

Before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by defendants in the seven above-captioned actions seeking to vacate the Panel's orders conditionally transferring the actions to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiffs in the seven actions support transfer.

On the basis of the papers filed and the hearing held, the Panel finds that the seven actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 9, 1991) (unpublished order).

---

\*Judges Grady and Sanders took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 31 93

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 899*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE MORTGAGE ESCROW DEPOSIT LITIGATION*

*Kathleen D. Morton, et al. v. BancPlus Mortgage Corp.*, D. Minnesota, C.A. No. 4:92-198

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY,* BAREFOOT SANDERS* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

### *TRANSFER ORDER*



On October 9, 1991, the Panel ordered Section 1407 transfer of actions in this docket to the Northern District of Illinois for coordinated or consolidated pretrial proceedings before the Honorable James B. Zagel. *In re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 9, 1991) (unpublished order). Now before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by plaintiffs in the above-captioned action (*Morton*) requesting the Panel to transfer the action to the Northern District of Illinois for inclusion in the MDL-899 proceedings occurring there before Judge Zagel. Defendant BancPlus Mortgage Corp. opposes transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Morton* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of *Morton* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We are aware that the Panel is not operating on a blank slate with respect to *Morton*, which previously was the subject of a conditional transfer order vacated by the Panel on February 7, 1992, following a hearing in which all parties (including the plaintiffs) argued that transfer should be denied. *In re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. February 7, 1992) (unpublished order). Subsequently in this docket, however, when the Panel has had the benefit of briefing and oral argument in which both points of view on the question of transfer have been presented, the Panel has been persuaded that transfer of actions similar to *Morton* was appropriate for reasons expressed in the original order directing centralization in this docket. *See In re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. May 26, 1993, October 4, 1994,

---

*Judges Grady and Sanders took no part in the decision of this matter.

- 2 -

November 28, 1994, January 25, 1995, and March 30, 1995) (unpublished orders). We now conclude, upon revisiting the question of transfer of *Morton*, that the action also qualifies as a tag-along action in this docket and should therefore be transferred under Section 1407.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407 the action entitled *Kathleen D. Morton, et al. v. BancPlus Mortgage Corp.*, D. Minnesota, C.A. No. 4:92-198, be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 26  95

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 899

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

# *IN RE MORTGAGE ESCROW DEPOSIT LITIGATION*

*Gail L. Robinson v. Marine Midland Mortgage Corp.*, W.D. New York, C.A. No. 6:95-6215

# *BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendant Marine Midland Mortgage Corp. in the above-captioned action (*Robinson*) seeking to vacate the Panel's order conditionally transferring *Robinson* to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel.  Plaintiff in *Robinson* supports transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Robinson* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of *Robinson* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The Panel is persuaded that transfer of *Robinson* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants.  *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 9, 1991) (unpublished order).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Gail Robinson v. Marine Midland Mortgage Corp.*, W.D. New York, C.A. No. 6:95-6215, be, and the ne hereby is, transferred to the Northern District of Illinois and, with the consent of that court,

- 2 -

assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 28 95

PATRICIA D. HOWARD
CLERK OF THE PANEL

### DOCKET NO. 899

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Jon W. Goss v. Alliance Mortgage Co.*, M.D. Florida, C.A. No. 3:95-319

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendant Alliance Mortgage Co. (Alliance) in the above-captioned action (*Goss*) seeking to vacate the Panel's order conditionally transferring *Goss* to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiff in *Goss* supports transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Goss* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of *Goss* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of *Goss* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 9, 1991) (unpublished order).

Alliance premises most of its opposition to transfer of *Goss* on the pendency before the court in the Middle District of Florida of Alliance's motion to dismiss *Goss*. It urges the Panel not to order transfer until that court has resolved the dismissal motion. We note, however, that the pending motion can be presented to and decided by the transferee judge. *See, e.g., In re Midwest Milk Monopolization Litigation*, 398 F.Supp. 676, 678 (J.P.M.L. 1975).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Jon W. Goss v. Alliance Mortgage Co.*, M.D. Florida, C.A. No. 3:95-319, be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -8 96

**DOCKET NO. 899**

PATRICIA D. HOWARD
CLERK OF THE PANEL

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Russell E. Finkelstein, et al. v. Bluebonnet Savings Bank, FSB*, D. Arizona, C.A. No. 2:95-2435
*David A. Basmoen v. Inland Mortgage Corp.*, D. Minnesota, C.A. No. 3:95-976

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER



Before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by defendants in the two above-captioned actions (*Finkelstein* and *Basmoen*, respectively) seeking to vacate or stay the Panel's orders conditionally transferring the actions to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Plaintiffs in the two actions support transfer.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that *Finkelstein* and *Basmoen* involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 9, 1991) (unpublished order).

Defendants premise their alternative request that the Panel defer its Section 1407 transfer decision on the pendency of their respective motions to dismiss before the *Finkelstein* court in the

---

[1]The parties to *Basmoen* waived oral argument and, accordingly, the question of Section 1407 transfer of that action was submitted on the briefs. Rule 17, R.P.J.P.M.L.., 147 F.R.D. 589, 600-01 (1993).

- 2 -

District of Arizona and before the *Basmoen* court in the District of Minnesota. They urge the Panel not to order transfer until those courts have resolved the dismissal motions. We note, however, that the pending motions can be presented to and decided by the transferee judge. *See, e.g., In re Midwest Milk Monopolization Litigation*, 398 F.Supp. 676, 678 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions entitled *Russell E. Finkelstein, et al. v. Bluebonnet Savings Bank, FSB*, D. Arizona, C.A. No. 2:95-2435; and *David A. Basmoen v. Inland Mortgage Corp.*, D. Minnesota, C.A. No. 3:95-976, be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 26 97

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 899

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORTGAGE ESCROW DEPOSIT LITIGATION

*Leo Korona, et al. v. NationsBank Trust Co. (Florida), N.A., et al.*, S.D. Florida, C.A. No. 1:96-3660

*Ted M. Benn, et al. v. BancBoston Mortgage Corp., et al.*, N.D. Texas, C.A. No. 3:96-3166

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by i) defendant NationsBank Trust Co. (Florida), N.A. (NationsBank) in the first above-captioned action (*Korona*), and ii) plaintiffs in the second above-captioned action (*Benn*), seeking to vacate the Panel's orders conditionally transferring the actions to the Northern District of Illinois for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable James B. Zagel. Responding in support of transfer are i) the plaintiffs and codefendant Alliance Mortgage Company, Inc., in *Korona*, and ii) Federal National Mortgage Assn., one of the two defendants in *Benn*.

On the basis of the papers filed and/or the hearing held,[1] the Panel finds that *Korona* and *Benn* involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel held that the Northern District of Illinois was the appropriate forum for actions involving allegations that defendant financial companies improperly calculated escrow deposit requirements and thereby required plaintiff mortgagors to deposit into escrow accounts amounts in excess of those permitted under plaintiffs' standard form mortgage contracts with defendants. *See In Re Mortgage Escrow Deposit Litigation*, MDL-899 (J.P.M.L. October 9, 1991) (unpublished order).

---

[1]The parties to *Benn* waived oral argument and, accordingly, the question of Section 1407 transfer of that action was submitted on the briefs. Rule 17, R.P.J.P.M.L.., 147 F.R.D. 589, 600-01 (1993).

- 2 -

Plaintiffs in *Benn* and defendant NationsBank in *Korona* have argued that the presence of additional claims not related to those in MDL-899 warrants exclusion of their respective action from transfer.[2]  We do not find this to be a sufficient reason for excluding the two actions from Section 1407 transfer, or for requiring the parties to *Korona* to litigate claims in that action in two districts. We point out that transfer of the two actions in their entirety will ensure that they will proceed, at least initially, before one transferee judge, who will then be in a position to formulate a pretrial program that:   1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.  It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims can be remanded in advance of the other actions in the transferee district.  But we are unwilling, on the basis of the record before us, to make such a determination at this time with respect to *Korona* and *Benn*. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 14, R.P.J.P.M.L., 147 F.R.D. 589, 597-99 (1993).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions entitled *Leo Korona, et al. v. NationsBank Trust Co. (Florida), N.A., et al.*, S.D. Florida, C.A. No. 1:96-3660; and *Ted M. Benn, et al. v. BancBoston Mortgage Corp., et al.*, N.D. Texas, C.A. No. 3:96-3166, be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Zagel for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

---

[2]Alternatively, NationsBank suggests that if the Panel otherwise agrees that transfer of *Korona* is appropriate, then the Panel should simultaneously remand the claims against NationsBank in that action to the Southern District of Florida so that they may proceed in that district unfettered of involvement in MDL-899.

